IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02009-BNB

MANUEL SESARIO DePINEDA,

    Applicant,

v.

KEVIN MILYARD, Warden, S.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Manuel Sesario DePineda is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. DePineda has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction and sentence for first degree murder in Denver District Court case number 88CR1103. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. DePineda previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. *See DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17, 1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991); *DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal dismissed*, No. 91-1294, 1991 WL 268841 (10th Cir. Dec. 11, 1991); *DePineda v. Cooper*, No. 92-cv-01400-LTB (D. Colo. Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL 482907 (10th Cir. Nov. 22, 1993); *DePineda v. Gunter*, No. 93-cv-00446-EWN (D.

Colo. Apr. 30, 1994); *DePineda v. Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20), *aff'd*, No. 94-1052, 1994 WL 475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No. 03-cv-01106-ZLW (D. Colo. July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D. Colo. July 20, 2004); *DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005). One of these prior actions was dismissed without prejudice for failure to exhaust state remedies. *See* 92-cv-01400-LTB. The three most recent actions were transferred to the Tenth Circuit because Mr. DePineda had not obtained authorization from that court to file a second or successive application. *See* 05-cv-00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW. The remaining actions were dismissed on the merits. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying

2

the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. DePineda does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Although he asserts that he is not required to obtain such authorization, the Court disagrees. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. DePineda asserts repeatedly that the judgment of conviction is void, but he fails to provide a clear statement of any federal constitutional claims showing that he is entitled to relief. To the extent Mr. DePineda may be asserting federal constitutional claims that challenge the validity of his 1988 conviction and sentence, it appears that those claims would be barred by the one-year limitation period. However, the claims appear to be time-barred only because Mr. DePineda fails to demonstrate that his claims are based on either a new rule of constitutional law or newly discovered evidence that could not have been discovered through the exercise of due diligence as

required pursuant to § 2244(b)(2). Furthermore, the claims Mr. DePineda is raising appear to lack merit and it was clear when the instant action was filed that this Court lacks jurisdiction. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, this 16 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02009-BNB

Manuel Sesario DePineda
Prisoner No. 59436
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/16/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk